**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JUSTIN SOKOL,

                Plaintiff,

v.

WELLS FARGO BANK, N.A.,

                Defendant.

Civil Action No. 21-16758 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court upon Plaintiff Justin Sokol's ("Plaintiff") Motion to Vacate Dismissal. (ECF No. 21.) Defendant Wells Fargo Bank, N.A. ("Defendant") opposed (ECF No. 23), and Plaintiff replied. (ECF No. 26). After careful consideration of the parties' submissions, the Court decides Plaintiff's motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons outlined below, Plaintiff's motion is denied.

**I.    BACKGROUND**

    **A.    This Court's Dismissal of Plaintiff's Complaint**

    The background relevant to the instant motion is comprehensively set forth in the Hon. Douglas E. Arpert, U.S.M.J.'s Report and Recommendation (R.&R., ECF No. 19), therefore, the Court adopts the facts therein, and summarizes only the facts necessary to contextualize the instant matter.

    Between November 19, 2021 and May 11, 2022, Plaintiff's counsel, Daniel Jude Maxwell, Esq. ("Plaintiff's Counsel"), failed to appear for the initial conference in this matter, routinely

missed deadlines to produce discovery, and routinely failed to respond to Defendant's e-mail messages, requiring Defendant to seek this Court's intervention on several occasions. (*Id.* at 2-3.) On May 11, 2022, Plaintiff's Counsel finally produced objections and responses to Defendant's discovery requests, more than three months after Defendant produced the same. (*Id.*) That was the last this Court learned of any communication or activity by Plaintiff's Counsel in this matter.

On May 23, 2022, Defendant issued correspondence to Plaintiff outlining the deficiencies in Plaintiff's discovery responses, which Defendant contended were nonresponsive. (*Id.* at 3-4.) Accordingly, Defendant requested that Plaintiff cure the deficiencies by June 3, 2022. (*Id.* at 4.) Plaintiff's Counsel, however, did not respond. (*Id.*) Between June 3, 2022 and July 19, 2022, the Court and Defendant reached out to Plaintiff's Counsel on numerous occasions,[1] but to no avail. (*Id.* at 4-5.) For all intents and purposes, Plaintiff's Counsel was unreachable, and the Court exhausted every avenue it had to contact him. As such, Judge Arpert had no choice but to recommend that this matter be dismissed with prejudice, and for Chief Judge Freda Wolfson, U.S.D.J. (ret.), to adopt such recommendation. (ECF Nos. 19, 20.) Judge Arpert filed the Report and Recommendation on August 25, 2022, and Chief Judge Wolfson adopted the Report and Recommendation on September 1, 2022. (*Id.*)

### B.  Plaintiff's Counsel's Motion to Vacate and Reinstate the Complaint

Almost eleven months after this Court dismissed Plaintiff's action, Plaintiff's Counsel filed the instant motion asking this Court to vacate its dismissal. (Pl.'s Moving Br., ECF No. 21-2.) In

---

[1] For example, Judge Arpert offered Plaintiff's Counsel ample opportunities to respond to Defendant's discovery concerns, scheduled an in-person conference in Trenton which Plaintiff's Counsel did not attend, and even called Plaintiff's former employer, who gave the Court Plaintiff's Counsel's cell phone number. (R&R 4-5.) When the Court attempted to contact Plaintiff's Counsel, he did not answer the call, and no voicemail was set up for the Court to leave a message. (*Id.* at 5.)

short, Plaintiff's Counsel states that the reason for his communication failure was "extremely bad and unlucky timing" between Plaintiff's Counsel leaving his former firm on June 1, 2022 and Defendant's May 23, 2022 correspondence outlining discovery deficiencies. (*Id.* at 8.) Specifically, Plaintiff's Counsel claims that after he left his former law firm, his email address listed on the docket in this matter "ceased to be functional," and he "mistakenly believed" that his email address on the docket in this matter was a separate, functional email address. (*Id.* at 2.) As such, Plaintiff's Counsel maintains that he did not receive any notifications regarding filings in this case after June 1, 2022—the date upon which he left his prior firm. (*See id.* at 2-5.)

Plaintiff's Counsel further maintains that his near eleven-month delay in discovering this error was due to his belief that he informed Defendant that he "would likely simply adopt the emails provided by [D]efendant as essentially his own document production." (*Id.* at 3.) As such, Plaintiff's Counsel did not believe he needed to provide additional discovery responses to Defendant's May 23, 2022 correspondence, and otherwise thought that Defendant ceased communications thereafter because Defendant was "not interested in accelerating the resolution of the case." (*Id.*) Plaintiff did not provide an explanation for what finally prompted him to check in on this matter. (*See generally id.*)

With this explanation set forth, Plaintiff's Counsel asks the Court to vacate its prior dismissal under Federal Rule of Civil Procedure[2] 60(b)(1). (*Id.* at 6.) Plaintiff's Counsel proposes that his mistakes as documented above were "excusable neglect," justifying vacation of the Court's previous ruling under Rule 60. (*Id.* at 7-8.)

Defendant opposed Plaintiff's Motion to Vacate on August 7, 2023. (Def.'s Opp'n Br., ECF No. 23.) Defendant contends that there has been no excusable litigation mistake in this matter,

---

[2] All references to "Rule" or "Rules" hereinafter shall refer to the Federal Rules of Civil Procedure.

and therefore, Plaintiff's motion should be denied. (*Id.* at 5.) Defendant maintains that Plaintiff has not shown adequate grounds for excusable neglect under Rule 60(b)(1) because: (1) Plaintiff's Counsel's prior dilatory conduct proves that Defendant will be in danger of experiencing continued prejudice in this matter if Plaintiff's motion is granted; (2) Defendant would experience significant prejudice if it has to restart litigating this matter after it has "been completely inactive for almost one year"; (3) the delay was entirely within Plaintiff's Counsel's control where the near eleven month delay was the result of Plaintiff's Counsel failing to update his email address or file a substitution of attorney; and (4) Plaintiff's Counsel has not acted in good faith given his history of flouting deadlines and Court communications even before moving law firms and while still reachable at his former email address. (*Id.* at 11-12.)

In reply, Plaintiff's Counsel contends that: (1) there is no danger of prejudice to Defendant should Plaintiff's motion be granted as it was brought within the time prescribed by Rule 60(c); (2) the reason for the delay was Plaintiff's Counsel's innocent mistake, not Plaintiff's error in any way; and (3) Plaintiff's Counsel acted in good faith and notified the Court as soon as he became aware of his mistake. (Pl.'s Reply Br. 3-4, ECF No. 26.)

## II.   **LEGAL STANDARD**

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987)). Rule 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final

judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1). Here, Plaintiff moves to vacate on the "excusable neglect" prong. (*See generally* Pl's Moving Br.)

Whether a party's neglect is "excusable" is an equitable determination, taking account all relevant circumstances surrounding a party's failure to file. *Den Be ex rel. Bell v. Hamilton Twp. Mun. Ct.*, No. 07-1588, 2008 WL 5156683, at *2-3 (D.N.J. Dec. 5, 2008). The Third Circuit has instructed that in determining excusable neglect under Rule 60(b), district courts must consider four non-exhaustive factors identified by the Supreme Court in *Pioneer Investment Services v. Brunswick Associates*,

> (1) the danger of prejudice to the non-movants, (2) the length of delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant and (4) whether the movant acted in good faith.

*Liguori v. Allstate Ins. Co.*, No. 14-636, 2015 WL 71384, at *3 (D.N.J. Jan. 6, 2015) (citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). It is well established, however, that an attorney's "'inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect'" for purposes of Rule 60(b)(1). *Brown v. Agway Energy Servs., LLC*, No. 18-321, 2018 WL 10228392, at *11 (W.D. Pa. Nov. 14, 2018); (quoting *Taylor v. Harrisburg Area Cmty. Coll.*, 1:12-CV-0169, 2014 WL 321204 (M.D. Pa. Jan. 29, 2014)); *see also Kanoff v. Better Life Renting Corp.*, 350 F. App'x 655, 657 (3d Cir. 2009); *Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 328 (3d Cir. 2012); *Pence v. Mayor of Bernards Twp.*, No. 08-2312, 2010 WL 4063206, at *11 (D.N.J. Oct. 15, 2010). In short, "excusable neglect" involves circumstances "where the court, after weighing the relevant considerations is satisfied that counsel has exhibited substantial diligence, professional

competence and has acted in good faith to conform his or her conduct in accordance with the rule, but as the result of some minor neglect, compliance was not achieved." *Kanoff*, 350 F. App'x at 657.

## III. DISCUSSION

Plaintiff moves to vacate and reinstate his Complaint under Rule 60(b)(1). (Pl.'s Moving Br. 1.) Plaintiff's Counsel claims that his lack of correspondence with the Court and Defendant that caused Plaintiff's Complaint to be dismissed with prejudice constituted "excusable neglect." (*See id.* at 7-8.) Each *Pioneer* factor will be addressed in turn.

### A. Danger of Prejudice to the Non-Movant

Under the first factor for excusable neglect, Plaintiff's Counsel argues that there is minimal actual prejudice to Defendant if the Court were to grant the motion. (Pl.'s Reply Br. 3, ECF No. 25.) Plaintiff states that Defendant should not be handed a defaulted victory because of an error of Plaintiff's Counsel and Plaintiff urges the Court "to balance the equities at play here and consider that the merits of the case and veracity of the claims were not adjudicated in this action." (Pl.'s Moving Br. 10.) Plaintiff notes further that the statute of limitations has not run as to "most" of Plaintiff's claims so there would be no danger of prejudice to Defendant having to defend against now-time-barred claims. *E.g.*, *Den Be*, 2008 WL 5156683, at *3.

While the Court acknowledges that the prejudice to Defendant may be little, it is not, as Plaintiff suggests, non-existent. Plaintiff brought this action more than two years ago. (*See* Compl., ECF No. 1 Ex. A.) Had the litigation proceeded according to schedule, the parties would have fully exchanged discovery, and the discovery end date would have come and gone over a year ago, in September 2022. (*See* Am. Scheduling Order, ECF No. 13.) Indeed, prior to dismissal, Judge Arpert had already determined that Plaintiff's dilatory conduct throughout discovery prejudiced

6

Defendant: "Defendant has experienced significant prejudice where Plaintiff has failed to produce any documents in discovery and where Plaintiff's non-responsiveness has forced Defendant to routinely expend costs obtaining court orders to force compliance with discovery obligations." (R&R 7.)

The considerable length of time that has elapsed since the parties last engaged in discovery only exacerbates the prejudice to Defendant. *See Bunzl Pulp & Paper Sale v. Golder*, No. 90-4303, 1995 WL 89026, at *4 (E.D. Pa. Mar. 1, 1995) ("[t]he length of time that has elapsed since the initiation of the underlying suit creates some prejudice, as the passage of time destroys evidence"); *Costantino v. City of Atl. City*, No. 13-6667, 2015 WL 668161, at *9 (D.N.J. Feb. 17, 2015) (explaining that a party would be "prejudiced by a stay because the passage of time creates a risk that relevant evidence will disappear"); *Hood v. Smith's Transfer Corp.*, No. 98-5917, 1999 WL 685920, at *11 (6th Cir. Aug. 26, 1999) (finding that "[t]he sheer passage of time is inherently prejudicial"). A finding of prejudice here is not merely hypothetical; it has been more than two years since the inception of this case. Defendant faces the potential loss of evidence, fading memories, and witnesses becoming unreachable or unavailable for trial.[3]

### B. Length of the Delay

Plaintiff's lack of timeliness in filing for relief under Rule 60(b)(1) further weighs against reopening this case. Under Rule 60(c), "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons [under Rule 60(b)] (1), (2), and (3) no more than a year after the

---

[3] Even in such circumstances where there is no inherent prejudice to the defendant (which, as discussed, is not the case presented here), as set forth *infra*, "[c]ounsel's unreasonable failure to exercise any degree of control over the situation reflects incompetence and a lack of good faith effort toward compliance" of the Court's procedural rules, such that the *Pioneer* factors weigh in favor of denying Plaintiff's motion. *Price v. Gen. Cable Indus., Inc.*, 466 F. Supp. 2d 610, 612 (W.D. Pa. 2006).

entry of the judgment or order or the date of the processing." This does not mean, however, that any motion brought within one year does not prejudice Defendant or *per se* lean in favor of granting Plaintiff's motion. The one-year time period imposed by Rule 60(c) "represents an extreme limit, and the motion will be rejected as untimely if not made within a *reasonable time*, even though the one-year period has not expired." *Den Be*, 2008 WL 5156683, at *3 (emphasis added) (quoting *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986)). "What constitutes a reasonable amount of time under Rule 60(c) depends on the specific circumstances of the case, including factors such as finality, the reason for delay, the practical ability of the litigant to learn of the grounds relied upon, and potential prejudice to other parties." *Liguori*, 2015 WL 71384, at *3 (citing *In re Diet Drugs Prod. Liab. Litig.*, 383 F. App'x 242, 246 (3d Cir. 2010)).

Here, the Court dismissed Plaintiff's Complaint with prejudice on September 8, 2022. (ECF No. 20.) While the Court understands Plaintiff's Counsel's position that he was not receiving Notice of Electronic Case Filing ("ECF") on PACER, he offers no reasonable explanation as to why he waited an additional ten months after the case was dismissed to file these motion papers. Nor does Plaintiff's Counsel proffer any case law where a Court has granted a motion to vacate on facts similar to this case. Conversely, courts generally consider granting relief from final judgments where the delay was limited to one to two months in duration. *See, e.g., In re Cendant Corp. PRIDES Litig.*, 235 F.3d 176, 183 (3d Cir. 2000) (excusing a three week delay); *In re O'Brien Env't Energy, Inc.*, 188 F.3d 116, 130 (3d Cir. 1999) (excusing a two month delay); *Jenkins v. Selective Ins. Co. of Am.*, No. 14-4091, 2014 WL 7205390, at *2 (excusing a one month delay); *but see Kohl's Dep't Stores, Inc. v. Levco-Route 46 Assocs., L.P.*, 121 F. App'x 971, 975 (3d Cir. 2005) (finding a four month delay inexcusable). In circumstances less drastic than what is presented here, this Court found that a "plaintiff's failure to take action for roughly five and a half

8

months after the case had been dismissed did not constitute a 'reasonable time' under Rule 60(c))." *Liguori*, 2015 WL 71384, at *3. Plaintiff's Counsel's motion offers little explanation as to why he waited nearly 11 months to bring this motion. Accordingly, the second *Pioneer* factor strongly favors denying relief.

3.   **Reasons for the Delay and Good Faith**

Regarding the third and fourth *Pioneer* factors, Plaintiff's Counsel submits a certification explaining that he failed to respond or prosecute this matter on behalf of his client due to his "mistake" of believing that he was actively receiving email notifications through PACER. (*See* Cert. of Daniel Jude Maxwell, Esq. ["Maxwell Cert."], ¶¶ 3-4, 8, ECF No. 21-1.) Plaintiff's Counsel asserts that this motion was filed "promptly after [he] realized the error concerning the [PACER] issue" and he acted in good faith by being honest about his oversight. (Maxwell Reply Cert. ¶ 9, ECF No. 25.)

To support this error, Plaintiff's Counsel submitted a Certification as the attorney of record responsible for handling Plaintiff's case. (*See generally* Maxwell Cert.) According to his Certification, the parties engaged in discovery in this matter until May 2022. (*Id.* ¶ 3.) The last exchange occurred on May 23, 2022, where Defendant notified Plaintiff that his discovery production was inadequate. (*Id.*) Plaintiff's Counsel states that he "recalls" discussing with Defendant's counsel that Plaintiff was "adopt[ing] the documents" provided by Defendant in the document production. (*Id.*) Plaintiff's Counsel states further that he somehow believed, without providing Defendant with any document discovery from Plaintiff, that because Defendant was "a bank with a very large national market share, [that it] had access to the relevant emails in question and relative to this matter." (*Id.*) This assumption appears to have been based upon Defendant having access to Plaintiff's prior work computer. (*Id.*) Plaintiff's Counsel's mistaken beliefs,

9

however, are belied by the face of Defendant's deficiency letter. (*See* Certification of Colleen P. Tandy ["Tandy Cert."], Ex. G, ECF No. 24).) Defendant's May 23, 2023 letter plainly states that Plaintiff could not rely on Defendant's documents to satisfy his own discovery obligations:

> Plaintiff responded to each of these requests by referring to Court filings in this matter, as well as Defendant's discovery responses. These responses are deficient. *Plaintiff cannot escape his own discovery obligations by relying on Defendant's document production.* Thus far, Plaintiff has provided a total of zero documents in response to Defendant's discovery requests.

(*Id.* ¶ 10) (emphasis added).)

Shortly after, on June 1, 2022, Plaintiff's Counsel left his previous law firm. (Maxwell Cert. ¶¶ 3-4, 8.) Plaintiff's Counsel's prior law firm email address "ceased to be functional" and he could no longer receive e-mail messages. (*Id.*) Because of this transition, Plaintiff's Counsel says that he changed his email associated with his New Jersey E-Courts account, but "mistakenly believed" that his PACER account was linked to another email address to which he had access. (*Id.*) Plaintiff's Counsel asserts that, due to this oversight, he was unable to receive any communications from defense counsel or the Court thereafter; it was not until over a year later, on July 14, 2023, that Plaintiff's Counsel realized his mistake and "updated [his] [PACER] account" to include the appropriate active email address. (*Id.*)

Accepting the foregoing as true, the Court is hard-pressed as to why counsel chose not to check in on the status of his case with Defendant or the Court from May 2022 to July 2023. Plaintiff's Counsel explains that he allegedly assumed that Defendant was "not interested" in reaching a resolution or trial of this matter, and he therefore chose not to pay any attention to the case until the filing of this motion to vacate on July 28, 2023. (Pl.'s Moving Br. 3.) Considering Defendant's previous efforts to resolve and actively litigate discovery-related disputes and deficiencies, the Court finds that Plaintiff's Counsel's proposed justification for failing to monitor

this case for more than a year strains credulity. To this end, Plaintiff's Counsel's Certification simultaneously alleges that he believed that "the next logical action would be to have some reasonable settlement discussions and possibly explor[e] mediation," yet he made no attempts to contact Defendant or the Court to facilitate such discussions. (*See* Maxwell Cert. ¶ 7.) In the Court's view, Plaintiff's Counsel's conduct, and lack of diligence in this matter is inexcusable, as are his explanations for the same.

Plaintiff's Counsel nevertheless "urges the Court to balance the equities at play here and consider that the merits of the case and veracity of the claims were not adjudicated in this action." (Pl.'s Moving Br. 10.) Indeed, the Court recognizes that it is clearly preferable to adjudicate cases on the merits, rather than on a procedural default. Case law within this Circuit, nevertheless, confirms that courts routinely decline to find excusable neglect for this type of attorney misconduct. That is, **an attorney's failure to respond or manage cases does not meet the "excusable neglect" standard set forth in Rule 60(b)(1).** *See, e.g., Touristic Enter. Co. v. Trane, Inc.*, No. 09-2732, 2011 WL 1127221, at *2 (D.N.J. Mar. 29, 2011) (finding an "attorney's ignorance, carelessness, or mistake of law do[es] not present grounds for relief under Rule 60(b)") (citation omitted); *Cottrell v. Good Wheels*, 2011 WL 3361522, at *17 (D.N.J. Aug. 3, 2011) (finding that an attorney's mistake is not a "special circumstance that justifies the extraordinary relief afforded by Rule 60(b)"); *Tobia v. Bally Total Fitness Holding Corp.*, No. 12-1198, 2013 WL 638290, at *13-14 (E.D. Pa. Feb. 21, 2013) (an attorney's failure to check the docket or manage his case does not constitute excusable neglect); *Pence*, 2010 WL 4063206, at *11 ("[a]n exercise of basic due diligence on the part of counsel would have [led] him to discover the Magistrate Judge's Order which was available to him through the electronic filing system. The excuse that counsel forgot, or that the Order was clipped to another document, is simply not a reason"). In other words, while

the Court acknowledges that cases should generally be decided on the merits under Rule 60(b)(1), the Court cannot simply countenance counsel's gross negligence in managing a case to the detriment of the other party and wasting valuable judicial resources. The opposite in such cases holds true, as it has been said that "a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993).

The Court similarly rejects Plaintiff's Counsel's proposed explanation for failing to respond to Court Orders or communications from Defendant's counsel because he lost access to the e-mail address that was associated with his PACER account. Per the Court's Local Civil Rules, Plaintiff's Counsel was responsible for ensuring that contact and address information of record, including his e-mail address, remained current, and for updating that information in the event of any changes. L. Civ. R. 10.1(a). Plaintiff's Counsel was thus obligated to make sure that he was receiving notifications from the ECF system and to independently monitor the docket of his cases. *Friedman v. State Univ. of N.Y.*, No. 06-0399, 2006 WL 2882980, at *8 (W.D.N.Y. Oct. 5, 2006) ("[A]ttorneys have a duty to be aware of entries on the docket of their client's cases and are on constructive notice of such entries."); *Hill v. World Class Auto. Corp.*, No. 06-2496, 2008 WL 4809445, at *4 (E.D.N.Y. Nov. 4, 2008) ("Unsurprisingly, courts have repeatedly rejected the argument that the lack of actual notice due to problems with [emails] overrides an attorney's obligation to monitor the docket."); *Vega v. United States*, No. 07-685, 2008 WL 4725454, at *2 (Fed. Cl. Aug. 18, 2008) ("[T]here is no indication that, despite his spam blocker problems, counsel in any manner, monitored the court's docket such as by utilizing PACER or contacting the clerk's office. In the absence of any monitoring, plaintiff's [Rule] 60(b) motion could simply be denied.");

*Tobin v. Granite Gaming Grp. II, Inc.*, No. 07-577, 2008 WL 723337, at *10 (D. Nev. Mar. 17, 2008) ("Counsel for [p]laintiff has failed to detail any efforts to guarantee her timely receipt of notifications from this Court notwithstanding the purported trouble with [receiving emails], such as regularly checking the Court's PACER docket, regularly checking her 'bulk folder,' or obtaining another e-mail system or provider."); *Countrywide Home Loans, Inc. v. Commonwealth Land Title Ins. Co.*, No. 08-27, 2009 U.S. Dist. LEXIS 22364, at *5 (W.D. Pa. Mar. 16, 2009) ("[I]n this technological age, the days of claiming 'the dog ate my homework' are well over. 'Parties have an obligation to monitor the court's docket to inform themselves as to the entry of orders,' and this is 'particularly [true] if an attorney's office is having problems with the receipt of electronic service.'") (quoting *Vega*, 2008 WL 4725454, at *2)). Other than acknowledging that he failed to ensure that his email address was active on PACER, Plaintiff's Counsel does not explain why he did not actively monitor the docket for a case upon which he was the attorney of record. For these reasons, Plaintiff's request for relief under Rule 60(b)(1) is denied.

Finally, Plaintiff's Counsel asks the Court not to punish his client and "destroy" the claims presented in the Complaint due to his own inadvertence. For the reasons discussed, however, in typical civil proceedings, the Court will not grant Rule 60(b)(1) relief in cases of alleged attorney failure or misconduct. The rationale underlying this principle was best expressed by the Supreme Court in *Link v. Wabash Railroad Company*,

> [t]here is certainly no merit to the contention that dismissal of [a party's] claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. [The party] voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.

13

370 U.S. 626, 633-34 (1962). In such circumstances, Plaintiff's "recourse is limited to . . . pursuing a negligence action against counsel." *See, e.g.*, *Carcello v. TJX Cos., Inc.*, 192 F.R.D. 61, 65 (D. Conn. 2000); *Hill*, 2008 WL 4809445, at *4; *Brooks v. The Doe Fund, Inc.*, 2020 WL 5706451, at *8 (W.D.N.Y. Jan. 27, 2023). Accordingly, having weighed the *Pioneer* factors, Plaintiff's Motion to Vacate is denied.

### IV. CONCLUSION

For the reasons above, Plaintiff's Motion to Vacate the Dismissal pursuant to Federal Rule of Civil Procedure 60(b) is denied. An appropriate Order will issue.

/s/ Michael A. Shipp

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**
